VERNON OMER, APPELLEE, V. ROBERT TAGG, SUPERINTENDENT,
NEBRASKA STATE PATROL, ET AL., APPELLANTS.
455 N.W.2d 815

Filed June 1, 1990.   No. 88-615.

Robert M. Spire, Attorney General, and Jill Gradwohl
Schroeder for appellants.

J. Murry Shaeffer, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a judgment of the district court for
Lancaster County directing appellants in their official
capacities to afford appellee, a retired former member of the
Nebraska State Patrol, participation in the state employees'
group health insurance program so long as the appellee or his
present spouse pays the premiums of the group insurance
coverage.

The case was tried on stipulated facts. Appellee was hired as
a member of the State Patrol on October 3, 1955, and remained
a member of the patrol until his retirement on October 4, 1985,
at age 55. At the time of appellee's hiring, the State of Nebraska
did not provide a statutory systemwide plan of employee health
insurance coverage, but the State Patrol did have such a plan
for its employees.

When hired, appellee and others were told by the then
superintendent of the patrol or one of his designees that upon
completion of the requirements for retirement from the patrol,
they would be allowed to continue to participate in the group
health insurance coverage offered by the state, upon payment

by the retiree of the entire premiums.

In 1973, the Legislature enacted L.B. 516 (Neb. Rev. Stat. § 44-1620 et seq. (Reissue 1974)). Section 1 of the act provides:

There is hereby established a program of group life and health insurance for all permanent full-time employees of this state, excluding employees of the University of Nebraska, the state colleges, and the technical community colleges. Such program shall be known as the Nebraska State Insurance Program and shall replace any current program of such insurance in effect in any agency and funded in whole or in part by state contribution excepting only those programs for which contributions by the state are required as a condition of receipt of federal funds.

L.B. 516 further provided, in § 8, that "[n]o coverages provided for by this act shall be afforded to any employee after attainment of age sixty-five." Section 9 of L.B. 516 stated that "[n]o agency shall provide for its employees any program of life or health insurance supplementary to that provided under this act, except as provided in sections 1, 5 [life insurance], and 6 of this act."

On November 30, 1973, the assistant superintendent informed retired members of the State Patrol that they would be permitted to remain in the group health insurance plan until such time as they were eligible for medicare, with all premiums after retirement to be borne by the retired employee.

Finally, in 1984, L.B. 705 was enacted, see § 44-1620(3) (Reissue 1984), which in substance provided that the participation was limited to employees who had reached the age of 56 prior to retirement. Subsequently, in 1986, the age was lowered to 51. The budget officer, having determined that appellee was not eligible to participate in the group insurance program, returned the tendered check to appellee, and appellee brought this action.

Appellants assign five errors, which can be consolidated as follows: (1) The district court lacked jurisdiction, as the State had not waived its sovereign immunity, and (2) the district court erred in determining that the opportunity to participate in the plan constituted deferred compensation and that the State's action denying the opportunity to participate was an

unconstitutional impairment of contract.

Essentially, the theory of appellee in the court below is that the promise of future benefits (i.e., right to participate in a group health plan) is deferred compensation earned in exchange for services rendered. If the appellee is correct, then the first assigned error is without merit, as Neb. Rev. Stat. § 25-21,206 (Reissue 1989) provides in part that "[t]he state may be sued in the district court of the county wherein the capital is situated in any matter founded upon or growing out of a contract, express or implied, originally authorized or subsequently ratified by the Legislature, or founded upon any law of the state."

Neb. Rev. Stat. § 81-2002 (Reissue 1987) provides that the superintendent of the Nebraska State Patrol "shall . . . appoint . . . patrolmen . . . . The salaries of all such appointees shall be fixed by the superintendent, with the approval of the Governor."

The position of the State that after retirement, benefits are a mere gratuity, challengeable at the whim of the Legislature, was considered and rejected in *Halpin v. Nebraska State Patrolmen's Retirement System*, 211 Neb. 892, 897-98, 320 N.W.2d 910, 913-14 (1982), where it was stated:

> Nebraska has long recognized that such pensions are not gratuities. In *Gossman v. State Employees Retirement System,* 177 Neb. 326, 331-32, 129 N.W.2d 97, 101-02 (1964), this court said: " 'The benefit of the retirement system awarded to a member thereof *who renders services under the act creating the system* after its enactment is not a grant of extra compensation after the services are rendered which the Constitution condemns because the increase in pay is granted immediately and from the date of the grant is being currently earned. . . . *It is the payment thereof alone which is deferred to a later date.'* . . . The benefits conferred are deferred compensation payable to the employee under the terms and conditions of the Act which he voluntarily agrees to by accepting the terms of employment." In *Wilson v. Marsh,* 162 Neb. 237, 75 N.W.2d 723 (1956), in holding that pension benefits are deferred compensation and not a gratuity, we cited *State v.*

*Love*, 89 Neb. 149, 131 N.W. 196 (1911), to the effect that " 'the pension forms an inducement to the individual to enter and remain in the service of the [state], and . . . the pension in a sense is part of the compensation paid for those services.' " *Id*. at 253, 75 N.W.2d at 733. . . .

. . . Since Nebraska law recognizes that public pensions are deferred compensation, *Gossman v. State Employees Retirement System, supra*, it follows that Nebraska public employees, no less than those in other states, have "reasonable expectations which are protected by the law of contracts" with regard to their pension rights. *Pineman v. Oechslin, supra*.

We conclude, as the district court did, that the promises made at the time of employment were for compensation to be enjoyed at retirement and constituted a contract enforceable against the State. All assignments of error having been found to be meritless, the judgment of the district court is affirmed.

AFFIRMED.