# Lloyd v. Lackawanna County Retirement Board

*James E. O'Brien*, for plaintiff.

*Philip V. Mattes*, for defendant.

ROBINSON, J., January 11, 1956.—In this action of mandamus defendant filed preliminary objections to the complaint averring that it is not liable under plaintiff's allegations as drawn.

The dispute giving rise to the action involves the Third Class County Retirement Law. Plaintiff, Martha Lloyd, is the sister of and the designated beneficiary under superannuated retirement option no. 1 of the late Justus Englehart, who at the time of his death was a jury commissioner of Lackawanna County. The sole question in the case is whether Englehart was entitled to credit for service as a county employe and officer rendered prior to the establishment of the county employes' retirement system in Lackawanna County on January 1, 1946.

The pertinent facts alleged in the complaint, on preliminary objections, must be taken as true. The pleading avers that Justus Englehart served as a jury commissioner during the years from 1926 to 1930; that from 1930 to 1934 he was chief clerk in the recorder of deeds office, and that he was prothonotary from 1934 to 1938 when his highest average annual salary amounted to $5,288.40. From 1938 to 1950, a period of 12 years, he was not employed by the county in any capacity. The employes' retirement system under the Act of June 4, 1937, P. L. 1625, as amended, was established in Lackawanna County on January 1, 1946. Englehart, from 1950 to June 10, 1954, again served as jury commissioner of Lackawanna County; he became a member of the retirement system on January 4, 1950, and until June 10, 1954, was a regular contributor. A request for prior service credit was approved by the board on December 11, 1950, but no certificate of original membership was issued. On the day of his death Englehart applied for a superannuation allowance under option 1. The suit is for $12,916.42 based on prior service and highest annual salary earned from 1934 to 1938.

The employment record concisely stated is: 12 years from 1926 to 1938, an interval of 12 years from 1938 to 1950 when Englehart was not employed by the

county, and service as a jury commissioner for four years and five and one-half months from 1950 to June 10, 1954.

Plaintiff contends in her brief as follows: "That section 8 of the Act of 1943 gave Justus Englehart the status of an original member since he had been a county employe prior to the first Monday of January, 1946, when the Retirement System was established in Lackawanna County, and that by virtue of section 10 of the Act of 1945 he was thus entitled to full credit for each year of service prior to January 1, 1946."

She also argues "that final salary as defined in section 1 of the Act of 1951 gave Justus Englehart the right to have his salary computed as of the five (5) consecutive highest years of service, viz., from 1934 to 1938". The retirement board contends that under the applicable retirement law prior service credits are allowable only to those employes qualified to be original members of the retirement system at the time that it was established and that Englehart because he was not a county employe and did not become such until four years after the system was in effect was clearly not entitled. The retirement board's position is that Englehart was a "new member" and not entitled to credit for prior service.

In support of her contention plaintiff has advanced an ingenious and involved line of reasoning which we will not here unravel. Neither is it necessary, in the interest of clarity, to trace the history of the applicable retirement legislation through the labyrinth of enactments, amendments and repeals. Suffice it to say that the rights of plaintiff depend upon and are governed only by those provisions of the statute in effect when in 1950 Englehart assumed his office and thereafter until his death. We are convinced, after a painstaking study of the controlling legislation, that the annuitant's status under his employment record

did not entitle him to credit for prior service. He was not an original member of the system and was not entitled to have his former employment credited.

We are of the opinion that the provisions of the county employes' retirement law applicable to the issue here presented are plain and unambiguous and convey a clear meaning. There is, therefore, no occasion to resort to the rules of statutory construction and the statute must be given its plain and obvious meaning: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51. Where the language and meaning are clear the intention of the legislature is to be found only in the unambiguous language of the statute: Pennsylvania Liquor Control Board v. Publicker Commercial Alcohol Company, 347 Pa. 555; Lawrence Township School District Tax Case, 362 Pa. 377. And where the words and content of the law are clear, the court will not consider whether the reasons which compelled the legislature to amend the law would justify a broader interpretation: Frost v. Metropolitan Life Ins. Co., 337 Pa. 537. It is well settled that the court is not permitted under the guise of interpretation to inject into a statute a meaning which is foreign to a clear and explicit expression of the legislature. In this light we examine the Third Class County Retirement Law as it applied to Justus Englehart from 1950 to June 10, 1954.

The enabling law which serves as the foundation of third class county retirement systems was originally enacted in the Act of June 4, 1937, P. L. 1625, 16 PS §331a et seq. The legislature in setting up the framework of the retirement system distinguished between, as was obviously necessary, original members and new members and this distinction has been preserved throughout. Certain credits for prior service were permitted to original members while new members were not so entitled. The basic question here is

whether Englehart was an original member or a new member.

The Act of 1937 has been variously amended from time to time but as affecting the annuitant an "Original Member" is defined as a "member who was a county employe on the date of establishment of the retirement system in said county" while a "New Member" is described as a "member who shall have become a member of the retirement system after the establishment of the retirement system in said county": Section 1 of the Act of 1937, as amended, 16 PS §331a, definitions.

Section 8, as amended May 27, 1943, P. L. 749, 16 PS §331h, further distinguishes between original and new members in the definitive provisions for compulsory membership. It provides: "Each county officer may and each county employe shall be required to become a member of the retirement system established by this act at such date as may be specified in the resolution establishing the retirement system, and thereafter when first becoming a county employe. Those becoming members who have been at any time county employes prior to the first Monday of January of the year the retirement system is established, shall be known as original members, and those becoming members after said date as new members": June 4, 1937, P. L. 1625, sec. 8, as amended August 5, 1941, P. L. 840, sec. 1; May 27, 1943, P. L. 749, sec. 1.

In Haldeman v. Hillegass et al., 335 Pa. 375, the supreme court said of this section: "Under section 8 of the Retirement Act, county employes must, and county officers may, become members of the retirement system. Any persons within the designated class who become members prior to January 1st of the year the system is established are known as 'Original Members', with the right to consideration for prior service, acknowledged by . . . the board".

Thus the court found no meaning in the section other than that conveyed by the clear language of the statute. It is further to be observed that the court did not state that an original member was entitled to credit for prior service but only that he had a right to consideration for such credit. There is a qualification on the right of an original member to prior service credit.

Section 10, as amended May 18, 1945, P. L. 688, 16 PS §331j, provides as to prior service credit that: "In computing the length of service of a *contributor* for retirement purposes, full credit shall be given to each original member for each year of service rendered to the county prior to January first of the year the retirement system was established." In Haldeman v. Hillegass et al., supra, the court pointed out that: "The Act does not provide for retirement pay to those who are merely members of the system." In order to be entitled to retirement pay the member, if original, is required to become not only a member but also a contributor on the date that the system is made effective.

We think that it is abundantly clear from the unambiguous provisions of the legislation that Mr. Englehart who did not become a member until four years after the establishment of the system and had made no contributions thereto, was in no sense an original member entitled to credit for prior service. His proper status was that of a "new member" on which basis alone he was entitled to retirement allowances to the extent of his status as such contributor.

It is true that section 8 as originally enacted provided that a reemployed member was entitled to credit for prior service under circumstances similar to the Englehart situation and that such an employe was designated as an original member, but the mere fact that this proviso was repealed by the amendment

of May 27, 1943, P. L. 749, leaves no doubt as to the correctness of our conclusions. We agree, as defendant has suggested, that the original enactment in section 8 was so disruptive of the actuarial structure supporting the retirement system that repeal of the provision was necessary to preserve it.

Further amendments to section 8 were enacted by the legislature on October 7, 1955, P. L. 691, 16 PS §331h. Now a county employe, in the position of Englehart, with prior service, who becomes reëmployed by the county after the system was established, may be classified and be considered as an original member by contributing an amount he would have contributed if the retirement system had been in effect during his previous employment. It has no bearing upon the instant case because it was enacted 16 months after Englehart's death. The Statutory Construction Act of 1937, P. L. 1019, art. IV, sec. 56, specifically provides that a law is not to be construed to be retroactive unless expressly made so by the legislature. See Baker v. Retirement Board of Allegheny County, 374 Pa. 165. And, too, it must be noted that no contributions have been made to the fund on this score. The amendment itself, however, is the strongest argument for the proposition that the legislature has quite definitely confirmed the designation of original members as those in the employment of the county when the retirement system was made effective.

We can find no merit in plaintiff's position that the retirement board is estopped from denying prior service credit to the annuitant in this case. While in some instances the doctrine of estoppel is applicable to the acts and conduct of municipal bodies and agencies, it is equally true that where, as here, a municipality is operating under the provisions of a statute it can not be estopped from acting according

to law: New Castle City v. Withers, 291 Pa. 216; Breinig et ux. v. Allegheny County et al., 332 Pa. 474.

Accordingly, we hold that Mr. Englehart was not entitled to prior service credit as an "original member". Plaintiff beneficiary is, of course, entitled to recover on the basis of his contributions as a "new member" of the system from 1950 to June 10, 1954.

Now, January 11, 1956, the preliminary objections to the complaint are sustained and plaintiff is allowed 20 days to amend and state her claim on the basis of the annuitant's adjudicated status. Exception for plaintiff.