[No. 33965. Department One. February 14, 1957.]

HENRY F. ALDRICH, *Appellant*, v. THE STATE EMPLOYEES' RETIREMENT SYSTEM, *Respondent*.[1]

[1] Reported in 307 P. (2d) 270.

*Smith & Dowdle*, and *Bernard J. Gallagher*, for appellant.

*The Attorney General* and *Lloyd G. Baker, Assistant*, for respondent.

MALLERY, J.—The plaintiff was employed by the state of Washington in the Spokane office of the department of unemployment compensation and placement from June 13, 1941, to the date of his compulsory retirement, June 1, 1953. For part of the time within this period, namely, from January 1, 1942, to November 15, 1946, he was "assigned" on a temporary basis to assist the Federal employment security department. The assignment was predicated upon an executive order issued pursuant to Federal war-time regulations.

Upon plaintiff's application for a state employees' pension, the retirement board of the state employees' retirement system, hereinafter referred to as the retirement board, disallowed him any *prior service credit* for the period during which he was assigned to the Federal government. This disallowance resulted in fixing his pension at $32.89 a month, instead of $75, as it otherwise would have been.

The reason given for the retirement board's ruling was that plaintiff had used *prior service credit* for the period and service in question to qualify for an annuity under the Federal civil service retirement system, which amounted to twenty-six dollars a month. This had been made possible when the Federal civil service retirement system allowed him credit for the period in question, and added it to a period of Federal service he had rendered prior to his employment by the state.

The plaintiff sought by the instant action in the superior court to require the allowance of *prior service credit*, under the state employees' retirement system, for the period in question, and appeals to this court from an adverse judgment.

The state employees' retirement system, created by legislative act in 1947, covered the state's employees then on the payroll, as well as prospective employees. The act provided that state employees who were *original members* of the

state employees' retirement system would receive *prior service credit* for services antedating the act. This credit is counted as service in computing the amount of pensions payable under the act.

The retirement board required appellant to elect whether he would take prior service credit for the period in question under the Federal civil service retirement system or under the state employees' retirement system. The retirement board disallowed his prior service credit when he did not forego his Federal annuity.

The respondent invokes Art. II, § 25, of the state constitution, which provides:

"The legislature shall never grant any extra compensation to any public officer, agent, servant, or contractor, after the services shall have been rendered, or the contract entered into, nor shall the compensation of any public officer be increased or diminished during his term of office."

It makes the contention that, since the Federal civil service retirement system pays appellant an annuity, it would be a gratuity for the state employees' retirement system to pay him a pension any part of which is computed upon the basis of the same service.

In *Bakenhus v. Seattle*, 48 Wn. (2d) 695, 296 P. (2d) 536, we said:

"In this state, a pension granted to a public employee is not a gratuity but is deferred compensation for services rendered. The contractual nature of the obligation to pay a pension when the employee has fulfilled all of the prescribed conditions was recognized in *Luellen v. Aberdeen*, 20 Wn. (2d) 594, 148 P. (2d) 849 (1944), in *Benedict v. Board of Police Pension Fund Com'rs*, 35 Wn. (2d) 465, 214 P. (2d) 171, 27 A. L. R. (2d) 992 (1950), and in *Ayers v. Tacoma*, 6 Wn. (2d) 545, 108 P. (2d) 348 (1940). Had we held in those cases, or were we to hold now, that the pension statutes provide for the payment of gratuities, we would be bound to hold further that such statutes are contrary to the provisions of Art. II, § 25, and Art. VIII, § 7, of the Washington constitution and are therefore void."

*Prior service credit* for services antedating the effective date of the state employees' retirement act cannot,

*standing* alone, support a pension under the rule of the *Bakenhus* case. There must be, in addition thereto, some service rendered after the effective date of the act, so that the act will constitute a part of the contract governing the subsequent employment. Then the pensions provided for under the act constitute deferred compensation for the subsequent service and are not gratuities predicated merely upon the prior service.

The statute concerning the allowance of the prior service credit here in question is RCW 41.40.010. It reads:

"As used in this chapter, unless a different meaning is plainly required by the context: . . .

"(10) 'Prior service' means all service of an original member rendered to any employer prior to October 1, 1947. Service by a state employee officially assigned by the state on a temporary basis to assist another public agency, shall be considered as service as a state employee. . . ."

This case comes to us on stipulated facts, which, considered with concessions made by respondent, require us to assume, for the purpose of this case, that the Federal government is a *public agency* within the contemplation of the statute, and that the appellant was an employee of the state for the period during which he was officially assigned to assist the Federal government.

Respondent seeks to invoke statutes relating to other pension systems within the state of Washington, which are keyed to the state employees' retirement system. They are not in point in the instant case.

The Federal civil service retirement system is not keyed into the state employees' retirement system or related to it in any way. Annuities paid under it do not deprive appellant of his rights under the Washington state employees' retirement system. The language of the statute entitles appellant to a *prior service credit* for the period in question. We are not concerned with what the Federal civil service retirement system does about it.

The judgment is reversed, and the retirement board is directed to allow the prior service credit in question.

HILL, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.