[No. 1459-2.    Division Two.    December 9, 1975.]

ALGER JOHNSON, *Respondent*, v. THE CITY OF ABERDEEN, *Appellant.*

*John L. Farra, Corporation Counsel*, for appellant.

*Theodore Zelasko* (of *Ingram, Zelasko & Goodwin*), for respondent.

PETRIE, C.J.—A retired municipal employee sought termination pay for the number of days of unused sick leave he had accrued at the time of his retirement. From a judgment in favor of the former employee, the municipality has appealed to this court, contending that the local ordinance which authorized termination pay for accrued sick leave had been repealed prior to the employee's retirement and, additionally, that it would be unconstitutional to apply the ordinance to periods of employment prior to its adoption.

The trial court's findings of fact are not challenged. Plaintiff, Alger Johnson, was employed by the defendant, City of Aberdeen, from February 17, 1964, until he retired on June 13, 1973. On July 31, 1968, the City adopted an ordinance which provided, in part:

> *Upon retirement* any City employee who has at the time of retirement any cumulative sick leave, *shall receive terminal pay based upon unused sick leave*, at the rate of two days for each full year of service at the time of retirement, but not to exceed the cumulative sick leave and not to exceed in daily wages for forty-four working days, if the employee is being paid on a daily wage and not to exceed two months salary, if the employee is being paid on a monthly salary at the time of retirement.

(Italics ours.) The ordinance was repealed on February 21, 1973, at which time Johnson had accumulated sick leave totaling 18 days, on the basis of 2 days for each of the 9 years he had been employed by the City of Aberdeen.

In 12 other instances, the City paid its retiring employees accumulated sick leave benefits, pursuant to its interpretation of the ordinance, for dates of initial employment ranging from September 1945 to June 1963 and for dates of retirement ranging from December 1969 to December 1972. When Johnson sought payment for the value of his accumulated sick leave his request was rejected. Apparently, Johnson was the first employee to retire following repeal of the ordinance.

The City contends: (1) on Johnson's retirement date there was no ordinance authorizing termination pay for accumulated sick leave, and (2) any interpretation of the

1968 ordinance purporting to authorize payment for sick leave accumulated prior to the enactment date of the ordinance would violate article 2, section 25, of the Washington State Constitution, which prohibits a grant of extra compensation to a public employee "after the services shall have been rendered."

We hold, first, that the ordinance granted an employee a retirement benefit in the form of termination pay under specified circumstances. It did not grant any termination pay to an employee unless at termination he also was eligible to, and did, retire. Thus, the ordinance provided for deferred compensation if an employee met the specified conditions upon retirement. Accordingly, any attempt to diminish the retirement benefit by modification or repeal of the ordinance which granted the benefit, would not affect the retirement benefit of those employees who had attained a vested right in that benefit. *Bakenhus v. Seattle*, 48 Wn.2d 695, 296 P.2d 536 (1956). Johnson had a vested right in the benefit. Therefore, repeal of the ordinance did not affect him.

Second, the ordinance enacted in 1968 did not grant retroactive compensation in the form of additional sick leave for the period of Johnson's prior employment. *See Pape v. Department of Labor & Indus.*, 43 Wn.2d 736, 264 P.2d 241 (1953). It merely provided a method of calculating the amount of termination pay when an employee subsequently decided to retire. The ordinance obviously contemplated *future* employment for an indefinite period of time. At the end of that period of time, and upon retirement, the employee's termination pay would then be calculated on the basis of the number of days of sick leave he had acquired, but had not used, during all of his employment. In other words, the retirement benefit contemplated, as compensation for *future employment*, a termination pay based, in part, upon prior service credit under specified conditions. We hold the ordinance did not contravene the constitutional prohibition against increase in compensation for

prior employment. *Aldrich v. State Employees' Retirement Sys.,* 49 Wn.2d 831, 307 P.2d 270 (1957).

Judgment affirmed.

PEARSON and REED, JJ., concur.

Petition for rehearing denied February 4, 1976.