REQUESTED BY: Senator Chris Beutler 804 State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
You have requested the opinion of this office regarding LB 4 which addresses the Governor's authority to proclaim holidays. Specifically, you have inquired as follows:
 If the permissive language in the statutes is stricken would the governor still have the authority to declare paid and/or unpaid holidays for state employees? If the governor should exercise his discretion and declare an unpaid holiday, what would be the state's liabilities, if any, to employees whose wages were lost?
A holiday is `a day in which the ordinary occupations are suspended, or a day of exemption or cessation from work or of festivity, recreation, or amusement' 40 C.J.S., Holidays, § 1, p. 410. Accordingly, our opinion is specifically limited to the Governor's authority to proclaim a holiday as opposed to his authority to suspend work during an emergency or otherwise.
We note that LB 4 as currently written would delete the Governor's authority to proclaim a holiday from only Neb.Rev.Stat. § 84-1001 (Reissue 1976). Two other statutes contain provisions concerning the Governor's authority to close state offices and to pay certain employees. Neb.Rev.Stat. § 81-117(2) (Supp. 1980) provides in part:
 Regular employees working on the hourly basis shall be paid wages equivalent to their regular wages for the usual number of hours worked for days declared by statutory act or proclamation of the President of the United States or the Governor to be holidays. . . .
Neb.Rev.Stat. § 81-113 (Reissue 1976) provides that `each department shall be open for the transaction of business at least from 8:00 a.m. until 5:00 p.m., of each day except Saturdays, Sundays, and days declared by statutory enactment or proclamation of the President or Governor to be holidays.' We assume that you intend to delete the permissive language from these statutes also. If such were not the case, the provision in LB 4 requiring that employees render not less than forty hours of labor each week would conflict with §§ 81-113 and 81-117(2) and your questions could not be definitively answered.
Assuming that the language allowing the Governor to proclaim a holiday will be stricken from §§ 81-113,81-117(2) and 84-1001, he would then be left without any statutory power to proclaim a holiday. However, the Governor's authority over employees in the executive branch is not solely derived from statute. Article IV, Section 6 of the Constitution of the State of Nebraska provides that `the supreme executive power shall be vested in the Governor, who shall take care that the laws be faithfully executed and the affairs of the state efficiently and economically administered.' However, wide discretion is vested in the Legislature as to the conditions of public employment. Gossman v.State Employees' Retirement System, 177 Neb. 326,129 N.W.2d 97 (1964). Each case must be weighed on its own facts to ensure that one branch of government is not encroaching upon another. We did not discover a case specifically addressing the balance of power as it concerns holidays. By examination of various cases concerning the separation of powers, we conclude that the Legislature has the discretion to determine the days and the hours during which state statutory offices will be open.
The Legislature has partially acted in this area. Section81-113 provides in part that `each department shall be open for the transaction of business at least from 8:00 a.m. until 5:00 p.m., of each day except Saturdays, Sundays, . . . .' Although the term `department' as used in this section has never been construed by the courts, it apparently refers to those listed in Neb.Rev.Stat. § 81-101 (Reissue 1976), such being the Department of Agriculture, Labor, Health, Roads, Water Resources, Banking and Finance, Insurance, Motor Vehicles, Public Welfare, Public Institutions, Administrative Services, Economic Development, and Correctional Services. We are unaware of any other statutory provision governing the hours or days during which state offices must be open.
The Legislature has set the business hours of only a limited number of departments. There are many other offices, boards, commissions and the like which have not been dealt with. Practicality requires that someone set the hours of business for these other entities. We conclude that the supreme executive power vested in the Governor allows him to set the hours of business for entities coming under his authority and for which the Legislature has not otherwise acted. (We note that only non-constitutional executive offices fall under the Governor's authority.) This power has the practical effect of allowing the Governor to declare a holiday for employees of such entities.
It is possible that the Governor could proclaim that employees be paid for such a holiday. Again, it is a separation of powers question for which there is no constant answer. Each case must be determined upon its own facts.State of Nebraska ex rel. Meyer v. State Board of Equalizationand Assessment, 185 Neb. 490, 176 N.W.2d 920 (1970) is a prime example. The court therein states:
 Under all constitutional governments recognizing three distinct and independent magistracies, the control of the purse strings of government is a legislative function; indeed, it is the supreme legislative prerogative, indispensable to the independence and integrity of the legislature. . . . The right of the legislature to control the public treasury, . . . is firmly and inexpugnably established in our political system.
Quoting from Colbert v. State, 86 Miss. 769, 39 So. 65. The same case later states,
 It the Legislature cannot through the power of appropriation exercise or invade the constitutional rights and powers of the executive branch. . . . It cannot administer the appropriation once it has been made. . . . All authorities are in agreement that it is impossible to fix exact limits in the area of constitutional separation of powers.
The Meyer court went on to hold that the Legislature could validly impose a ceiling on personal service expenditures within the executive branch. By examination of Meyer and other separation of power cases we conclude that the Governor would have the authority to proclaim that employees be paid for a day during which they did not work due to a holiday so long as funds were available which were not restricted from use for such a purpose by the Legislature.
Even if funds were so restricted, it would not necessarily mean that the state would not be legally obligated to provide compensation. Various constitutional, statutory and contractual provisions may be applicable. Compensation is made by salary and hourly wage.
It is set by constitution, statute, personal contract, union contract and implied agreement. The duty to compensate may vary dependent upon particular circumstances. The possible circumstances are too numerous to catalogue. We can only conclude that so long as the Governor retains the authority to close certain state offices, the possibility exists that the state will be legally obligated to compensate an employee for his lost wages.
Sincerely, PAUL L. DOUGLAS Attorney General Martel J. Bundy Assistant Attorney General