REQUESTED BY: Senator Glenn A. Goodrich Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Goodrich:
You have submitted to us a proposed amendment to LB 3, and have asked our opinion as to its validity. It would amend Neb.Rev.Stat. § 77-2704 (Supp. 1980), by making the following exempt from sales and use tax:
 New manufacturing and processing equipment purchased on or after January 1, 1982, for use directly in manufacturing or processing operations located in a manufacturing facility of new construction begun on or after July 1, 1981. For purposes of this subdivision, the term new construction shall not include an expansion or renovation of an existing facility, unless such facility is expanded or renovated for purposes of enabling different manufacturing or processing operations.
Our first concern about this amendment is its precise meaning. Is the exemption intended to give a permanent exemption to new manufacturing and processing equipment purchased after January 1, 1982, for installation in a manufacturing facility, the construction of which was begun after July 1, 1981, or is it intended to give the exemption only to such equipment when the facility is new? In other words, does the exemption apply only to the equipment initially installed in the facility, or does it apply to replacement equipment which might be installed years later, when the original equipment has worn out or become obsolete? In reading the amendment we are left in doubt as to which result is intended, because it can be argued that the facility was built `new' after July 1, 1981, and therefore new equipment installed in it will always be exempt. On other hand, it can be argued that the facility is not `new' after it has been used for manufacturing or processing purposes, and that therefore replacement equipment is not exempt, unless the plant is `expanded or renovated for purposes of enabling different manufacturing or processing operations.'
If we construe the amendment to grant the exemption only to equipment originally installed in a new facility, we believe the exemption can be successfully defended. The question, of course, is whether we are dealing with unreasonable class legislation, and to answer that question we must look to the purpose of the legislation.
The general class is `purchasers of tangible personal property,' members of which are ordinarily subject to the sales and use tax. A subclass is made by the amendment of `purchasers of new manufacturing and processing equipment purchased on or after January 1, 1982.' A further subclassification is made of `purchasers of such equipment for installation in a manufacturing facility of new construction begun after July 1, 1981.'
Article III, section 18 of the Nebraska Constitution forbids unreasonable class legislation, but the cases have repeatedly said that classification is proper if the special class has some reasonable distinction from other subjects of like general character, which distinction bears some reasonablerelation to the legitimate objects and purposes ofthe legislation. See, e.g., Gossman v. State Employees RetirementSystems, 177 Neb. 326, 129 N.W.2d 97 (1964). The statement of intent as to this amendment states that it is designed to encourage new industry to locate in this state by exempting its machinery from sales and use tax upon entry into the state. This is certainly a legitimate legislative purpose, and we are not prepared to say that the granting of such an exemption is unconstitutionally unreasonable. A distinction can be made between factories which are already in existence, or the construction of which has been begun, and those begun after July 1, 1981, on the ground that the exemption might induce someone to build a new factory, after the exemption has been granted, whereas the exemption would have no such effect upon one, the construction of which had already begun or had been completed. The reason for denying the exemption to the latter class would be to minimize the revenue loss caused by the exemption.
If, however, the amendment is construed to give a permanent exemption to purchasers of such equipment for installation in factories built after July 1, 1981, we believe the court would find unreasonable class legislation. This would involve frozen classification, not so much of the class granted the exemption, but of the class to which it is denied.
If, twenty years from now, the owners of two factories were to buy new manufacturing equipment to replace obsolete or worn out equipment, and one was required to pay sales or use taxes on the purchase, and the other was not, solely on the basis that one factory was built in 1980 and the other in 1982, the court would be hard-pressed to find such result fair and reasonable.
The owners of the factory built in 1980 would find it impossible to ever get out of the tax paying class, except by building a new factory, or renovating their factory for a different manufacturing operation. Their competitor, forever into the future, would have a competitive advantage over them of not having to pay sales tax on the purchase of such equipment.
The courts have upheld so-called grandfather clauses, by which someone engaged in a particular occupation on a certain date is not required to prove qualifications required of later entrants into the field. The theory is that those already in the field are presumed to have such qualifications by experience.
See, State ex rel. Meyer v. Knutson, 178 Neb. 375,133 N.W.2d 577 (1965). Also, real estate devoted to a certain use on the effective date of a zoning ordinance may be permitted to be used for that purpose, as a nonconforming use, so that there is not too much disruption of going businesses.
Here, however, we would have the opposite of a grandfather clause. The existing factories would permanently be denied a benefit granted to new factories. It can be argued that giving a prospective manufacturer such a permanent advantage might make it even more attractive for him to come into the state, and so advance the purpose of the bill, but we believe the court would find frozen classification, and strike it down. See, State ex rel. Ralston v. Turner,141 Neb. 556, 4 N.W.2d 302 (1942), and City of Scottsbluff v.Tiemann, 185 Neb. 256, 175 N.W.2d 74 (1970).
Usually the frozen class is one which new people or entities are unable to get into. Here the class would be one which the present members (those using facilities constructed before July 1, 1981) would be unable to get out of. We can seen no difference in principle.
We are therefore of the opinion that if the amendment is construed to give the exemption to new equipment to be initially installed in a new facility, construction of which was begun after July 1, 1981, it is defensible. If it is construed to give a permanent exemption, which would cover replacement equipment, or equipment purchased after the facility was no longer `new,' it would be difficult to defend. In any event, the amendment should be made more clear, so that the court is not required to speculate what the Legislature intended.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General