Richard GROSSMAN and Robert Biederman on behalf of themselves and all others similarly situated, Plaintiffs,

v.

John GILCHRIST, Roland Burris, Norman L. Ryan, Joseph T. Pisano, and Robert Mandeville, Members of the Board of Trustees of the State Employment Retirement System of Illinois, and Michael L. Mory, Executive Secretary for the State Employees Retirement System of Illinois, Defendants.

No. 80 C 449.

United States District Court,
N. D. Illinois, E. D.

May 27, 1981.

Richard D. Grossman, Evanston, Ill., Lawrence M. Freedman, Chicago, Ill., for plaintiffs.

Tyrone Fahner, Ill. Atty. Gen. by John M. Collins and Colleen McLaughlin, Asst. Attys. Gen., Chicago, Ill., for defendants.

## Memorandum

LEIGHTON, District Judge.

This is a civil action brought under 42 U.S.C. § 1983 by a State of Illinois employee to challenge the constitutionality of the compulsory requirements of the Illinois employees' retirement system. The cause is before the court on defendants' motion to dismiss. For the reasons hereafter stated, this court concludes that plaintiff's complaint fails to state a claim on which relief can be granted; therefore, the motion is granted. His allegations, construed in a light most favorable to him, show the following.

### I

Plaintiff Richard Grossman is employed by the State of Illinois as a Special Assistant Attorney General. Under Illinois law, he is required to participate in a pension plan known as the State Employees Retirement System of Illinois (hereinafter referred to as "SERSI"), and has involuntarily contributed at least $1,200 to the system.[1] Defendants Gilchrist, Burris, Ryan, Pisano, and Mandeville are members of the SERSI Board of Trustees, a state administrative body, and as such are charged with the responsibility of "directing the affairs of the system" in accordance with Ill.Rev.Stat. ch. 108½, § 14–103.02. Defendant Mory is Executive Director of SERSI, and as such is responsible for the "administration of the detailed affairs of the system" pursuant to Ill.Rev.Stat. ch. 108½, § 14–136.

Plaintiff claims that he does not now, nor did he ever, desire to be a participant in this or any other pension system. This court notes that his claim is novel in two ways: first, compulsory participation by State of Illinois employees in SERSI has never been challenged in the courts since its adoption by the legislature in 1943; and second, plaintiff's complaint asks this court to recognize that the Ninth Amendment to the United States Constitution was intended in part to protect a heretofore unrecognized fundamental right to spend money that one earns in any way which is not otherwise illegal. The parties' arguments are addressed below in detail.

Plaintiff's complaint specifically charges that compulsory participation in SERSI, with no option to decline or withdraw, imposed by Illinois statutes on all but certain specifically excluded employees, is unconstitutional, in that the statutes:

[V]iolate the Ninth Amendment to the Constitution of the United States in that they unconstitutionally infringe on a fundamental right retained by the people, namely the right to spend the money one earns in any way which is not otherwise illegal;

They deprive the individual Plaintiffs of 'property without due process of law...' in contravention to the Fourteenth Amendment to the Constitution of the United States, in that the State of Illinois requires, as a condition of employment, that state employees forego their fundamental constitutional right to spend the money that they earn in any way they see fit which is not otherwise illegal;

The said statutes violate the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States in that:

---

1. Section 14–103.05 of Ill.Rev.Stat., ch. 108½ provided that:

 A person entering service on or after January 1, 1972 shall become a member [of the State Employees Retirement System] as a condition of employment and shall begin making contributions as of the first day of such employment.

 As of January 1, 1981 it provides that:

 A person entering service shall become a member as a condition of employment as of the first day of employment.

While Plaintiffs and other members of the class are forced to contribute a certain amount of their pay each week to retirement systems they do not wish to be members of, certain other state employees are entitled to choose whether they will participate in any retirement system.

\* \* \* \* \* \*

These statutes thus invidiously discriminate against Plaintiff and members of the class by setting up one class of persons required to sacrifice their fundamental constitutional rights as a condition of employment, and a separate class of persons allowed free exercise of their fundamental constitutional rights during employment.

The alleged class of persons sought to be represented by plaintiff includes all persons who have been, are presently being, or will in the future be required to contribute to a state administered retirement system as a condition of employment with the state. Since no motion for certification is before the court, the viability of proceeding with such a proposed class is not addressed.

In support of their motion to dismiss, defendants argue that plaintiff, a lawyer, had knowingly waived any right to present enjoyment of his contributions to SERSI upon entry into service for the State of Illinois. Defendants also urge this court to reject any Ninth Amendment claim on the ground that the United States Supreme Court has never outlined the scope of protection guaranteed therein. According to defendants, plaintiff's due process claim fails because no property interest is present, either by way of the Constitution or state law. They also argue that no claim under the equal protection clause of the Fourteenth Amendment is made out, because the state has ample justification for distinguishing between classes of state employees for purposes of participation in SERSI.

In opposition to defendants' motion to dismiss, plaintiff concedes that the Supreme Court has never adopted a specific formula for identifying rights protected by the Ninth Amendment; nevertheless, he urges this court to recognize the right he seeks to assert here as protected thereunder. In support, he argues that his "right to spend money" should be included within the broader fundamental right of personal privacy. According to the plaintiff, the notion of personal privacy encompasses individual freedom of choice and personal autonomy; if liberty means anything at all, it means that an individual is entitled to choose for himself how best to order the personal details of his existence. *Plaintiff's Memorandum in Opposition*, p. 5. Quoting from *Roe v. Wade*, 410 U.S. 113, 211–12, 93 S.Ct. 705, 757, 35 L.Ed.2d 147 (1973) (Douglas, J., concurring), he notes that "the autonomous control over the development and expression of one's intellect, interests, tastes, and personality" is an aspect of the right of privacy, "retained by the people" within the meaning of the Ninth Amendment. Accordingly, plaintiff urges that the right to spend the money one earns in any way one sees fit is a necessary condition to control over the development and expression of individual tastes and personality, and argues that materialistic purchases are the clearest expression of such individuality, or "personhood." *See* Tribe, *American Constitutional Law* 893, § 15–3 (1978).

With respect to his due process claim, plaintiff argues that his salary is property, and that he is entitled to enjoy that property without subjecting it to unlawful deprivation. Finally, with respect to his equal protection allegations, plaintiff contends that certain state servants are statutorily exempt from compulsory participation in SERSI, that all state employees should be deemed similarly situated, and that this "invidious" discrimination on the part of the state violates the Fourteenth Amendment.

In reply, defendants contend that plaintiff's mandatory participation in SERSI does not unconstitutionally infringe upon any of plaintiff's rights. Specifically, defendants note that property rights are subject to reasonable restrictions, and that the right to use and enjoyment of one's property is not absolute. In addition, defendants point out that employment with the State is

not a fundamental right, and that the state may properly impose reasonable conditions upon employment with it. In the role of employer, according to defendants, the State may set as a term of employment the classification of its employees. Accordingly, defendants claim that classification resulting in mandatory participation in SER-SI for some employees is not unreasonable. Finally, defendants note that this court should not act as a "superlegislature" and ignore the state legislature's expression of commitment to the welfare of its retiring employees by seeking to free them and their dependents from undue hardship which would otherwise result from lack of foresight and recognition of man's mortality.

## II

■ After careful consideration of the history of the Ninth Amendment, the relevant law, and the parties' submissions, this court finds that plaintiff's complaint fails to state a claim on which relief may be granted. This court's inquiry must begin with the Ninth Amendment, which provides:

> The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

The Ninth Amendment was drafted by James Madison to cope with problems created by the enumeration of specific rights in the Bill of Rights, the fear that certain rights may have been omitted, and the concern that vagaries of language might adversely affect other rights intended by the Framers to be included. Redlich, *Are There "Certain Rights ... Retained By the People"?*, 37 N.Y.U.L.Rev. 787, 805 (1962) (hereinafter *"Certain Rights Retained"*; *The Federalist No. 37*, at 101 (Fairfield 2nd ed. 1966).

■ As noted by the parties, the Ninth Amendment has rarely been the subject of commentary or interpretation and application by the courts. However, it may not be presumed that any clause in the Constitution was intended to be without effect. *Marbury v. Madison*, 1 Cranch 137, 174, 2 L.Ed. 60 (1801). Professor Redlich suggested a "balancing of interests" test for judges to apply when faced with a Ninth Amendment claim that the government is infringing a right reserved to the people and which is not enumerated in the Constitution. His test is based on the principle that the Ninth Amendment, unlike other portions of the Bill of Rights, should be viewed as dealing not with absolute rights but rather with preferred rights, where balancing of interests is appropriate; this approach contemplates areas where there would normally be a presumption of constitutionality and a willingness to uphold a challenged statute if it appears reasonably related to valid legislative ends—primarily areas of general economic and social policy. Redlich, *Certain Rights Retained*, 37 N.Y.U.L.Rev. 787, 812.

Perhaps the clearest address by the Supreme Court of the history and meaning of the Ninth Amendment is found in *Griswold v. Connecticut*, 381 U.S. 479, 488–92, 85 S.Ct. 1678, 1683–86, 14 L.Ed.2d 510 (1965), Justice Goldberg, concurring:

> The language and history of the Ninth Amendment reveal that the Framers of the Constitution believed that there are additional fundamental rights, protected from governmental infringement, which exist alongside those fundamental rights specifically mentioned in the first eight constitutional amendments.... To hold that a right so basic and fundamental and so deep-rooted in our society as the right of privacy in marriage may be infringed because that right is not guaranteed in so many words by the first eight amendments to the Constitution is to ignore the Ninth Amendment and to give it no effect whatsoever. Moreover, a judicial construction that this fundamental right is not protected by the Constitution because it is not mentioned in explicit terms by one of the first eight amendments or elsewhere in the Constitution would violate the Ninth Amendment.... Nor do I mean to state that the Ninth Amendment constitutes an independent source of right protected from infringement by either the States or the federal Govern-

ment. Rather, the Ninth Amendment shows a belief of the Constitution's authors that fundamental rights exist that are not expressly enumerated in the first eight amendments and an intent that the list of rights included there not be deemed exhaustive.

■ The Illinois legislature described its intentions when adopting SERSI as follows:

The purpose of the system is to provide an orderly means whereby aged or disabled employees may be retired from active service, without prejudice or hardship, and to enable the employees to accumulate reserves for themselves and their dependents for old age, disability, death and termination of employment, thus effecting economy and efficiency in the administration of the State Government.

Ill.Rev.Stat. ch. 108½, § 14–102. On the rare occasion when a state employee has challenged mandatory contribution to a state retirement system, the courts have unhesitatingly chosen to uphold compulsory participation. For example, in *Gossman v. State Employees Retirement System*, 177 Neb. 326, 129 N.W.2d 97, 103 (1964), the court stated:

The maintenance of morale, inducement to younger employees to remain, inducement for the older ones to quit when their skills have diminished, special inducements for different high-quality types of employment, and a regard for the necessity to meet competitive provisions in other retirement acts, all are proper objectives. The Legislature has a right to define and determine what conditions or objectives are reasonable in this area. It is clear that State employment is not a vested right, but it is extended at the will of the State, and the State may reasonably make a mandatory retirement system as a condition of such employment, and if this be so, it follows that the State has a right to impose such conditions as are economically and practically sound. And, in responding to such imposed conditions, the employees have the alternative of accepting such conditions and complying with the conditions that

are found in the Act or finding work elsewhere.

Clearly, the purposes and objectives of a retirement act are manifold. *See also Hogan v. United States*, 513 F.2d 170, 175 (6th Cir. 1975), where a federal civil service employee unsuccessfully claimed that his forced participation in the civil service retirement plan as a mandatory condition of employment deprived him of unspecified constitutional rights. Accordingly, a balancing of the interests described above and consideration of the Ninth Amendment's scope compels this court to conclude that the State of Illinois' policy of mandatory participation in SERSI is constitutional and not violative of plaintiff's Ninth Amendment claims.

### III

■ Plaintiff's remaining constitutional claims are without merit as well. It is clear that his due process claim lacks merit. In *Nebbia v. New York*, 291 U.S. 502, 523, 54 S.Ct. 505, 509, 78 L.Ed. 940 (1934), the Court held that property rights are not absolute, and that governments may regulate their enjoyment in the common interest. Indubitably, plaintiff was free to decline employment with the State of Illinois and thereby avoid compulsory participation in SERSI. He chose to work for the state, however, and as a condition of his employment he may constitutionally be required to contribute to SERSI in the manner deemed by the state to be in the best interests of its employees. It is worth noting that plaintiff is entitled to recover his contributions in a lump sum with interest either upon his departure from state employment, or as an annuity paid monthly upon retirement.

■ Finally, plaintiff's equal protection argument also fails to state a claim on which relief may be granted. The statutory scheme adopted by the Illinois legislature specifically exempts certain public servants from mandatory participation in SERSI by excluding them from its statutory definition of "employee". Thus, members of the state legislature are exempt, as are incumbents in elected offices, employees of state

political subdivisions and individuals eligible for coverage elsewhere by statute: teachers, state university employees, and judges. Ill.Rev.Stat. ch. 108½, § 14–103.05. This court has carefully examined these classifications and finds them to be reasonably related to state interests; plaintiff has failed to satisfy his burden of showing that the classifications are unreasonable. *McDonald v. Board of Education Commissioners*, 394 U.S. 802, 809, 89 S.Ct. 1404, 1408, 22 L.Ed.2d 739 (1969). To adopt plaintiff's contentions in this respect would be for this court to substitute its judgment as to state employment policy for that of the legislature. As employer, the State of Illinois has broad discretion as to conditions, classifications and membership in retirement plans. *Gossman v. State Employees Retirement System*, 177 Neb. 326, 129 N.W.2d 97, 106 (1964).

Accordingly, defendants' motion to dismiss the above-entitled cause, for failure to state a claim on which relief may be granted, must be and the same hereby is granted.